IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | 4:11CV3067 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION** |
| ROBERT P. HOUSTON, Director, | ) | **UNDER 28 U.S.C. § 2254 FOR** |
| and DENNIS BAKEWELL, Warden, | ) | **WRIT OF HABEAS CORPUS BY A** |
| | ) | **PERSON IN STATE CUSTODY** |
| Respondents. | ) | |

The court has conducted an initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1) to determine whether the claims made by the petitioner, Donnell King, ("King") are, when liberally construed, potentially cognizable in federal court. King has made four claims.

Condensed and summarized for clarity, the claims asserted by King are:

Claim One: King was denied due process of law in violation of the Fourteenth Amendment *because*, in resentencing him, the district court imposed a longer term of imprisonment than his initial sentence without any new information.

Claim Two: King was denied due process in violation of the Fourteenth Amendment *because* he was not allowed to count good-time credit and was not sentenced

       within the presumptive guidelines of his original sentence.

Claim Three: King was denied due process of law in violation of the Fourteenth Amendment *because* he and his counsel were not notified in advance of the State's use of an expert witness at trial.

Claim Four: King was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel did not object to the admission of expert testimony

 Liberally construed, the court preliminarily decides that all four of King's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent King from obtaining the relief sought.

 IT IS THEREFORE ORDERED that:

 1. Upon initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1), the court preliminarily determines that Donnell King's claims, as set forth in this Memorandum and Order on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody are potentially cognizable in federal court.

2.  The clerk of the court is directed to mail copies of this memorandum and order and the petition to the respondents, Robert P. Houston and Dennis Bakewell, and the Nebraska Attorney General by regular first-class mail.

3.  By July 23, 2011, the respondents shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 23, 2011: deadline for respondents to file state court records in support of answer or motion for summary judgment.

4.  If the respondents elect to file a motion for summary judgment, the following procedures shall be followed by the respondents and King:

    A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.  Copies of the motion for summary judgment, the designation, including state court records, and the respondents' brief shall be served upon King *except* that the respondents are only required to provide King with a copy of the specific pages of the record which are cited in the respondents' brief. In the event that the designation of state court records is deemed insufficient by King,

        King may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, King shall file and serve a brief in opposition to the motion for summary judgment. King shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of King's brief, the respondents shall file and serve a reply brief. In the event that the respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of King**.

5.    If the respondents elect to file an answer, the following procedures shall be followed by the respondents and King:

4

A.  By July 23, 2011, the respondents shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.  No later than 30 days after the filing of the relevant state court records, the respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of King's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and the respondents' brief shall be served upon King at the time they are filed with the court *except* that the respondents are only required to provide King with a copy of the specific pages of the designated record which are cited in the respondents' brief. In the event that the designation of state court records is deemed insufficient by King, King may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the respondents' brief, King shall file and serve a brief in response. King shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of King's brief, the respondents shall file and serve a reply brief. In the event that the respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 22, 2011: check for the respondents to file an answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated June 13, 2011.

                      BY THE COURT

                      s/ Warren K. Urbom
                      United States Senior District Judge