IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | 4:11CV3067 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION** |
| v. | ) | **UNDER 28 U.S.C. § 2254 FOR** |
| | ) | **WRIT OF HABEAS CORPUS BY A** |
| ROBERT P. HOUSTON, Director, | ) | **PERSON IN STATE CUSTODY** |
| and DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before me on the Petitioner Donnell King's ("King") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Filing No. 1.) The respondents filed their Respondents' Answer (filing no. 10) along with a Brief in Support of Respondents' Answer (filing no. 11) and relevant State Court Records (filing nos. 9 and 16). King filed a Petitioner's Brief in opposition to the respondents' brief (filing no. 18) and the respondents filed Respondent's Reply Brief (filing no. 19). This matter is therefore deemed fully submitted, and as set forth below, the petition will be dismissed with prejudice.

## I.    BACKGROUND

**A.    King's Conviction and Direct Appeal**

Following a jury trial, King was convicted of first-degree assault, kidnapping and robbery. *State v. King*, 693 N.W.2d 250, 255 (Neb. 2005) ("*King I*"). Thereafter, the District Court of Douglas County, Nebraska ("Nebraska District Court"), determined that King was a habitual criminal and sentenced him to 10 to 25 years of imprisonment for first-degree sexual assault, 10 to 25 years of imprisonment for first-degree kidnapping, and 10 to 25 years of imprisonment for robbery. *Id*. The sentences were ordered to run consecutively. *Id*. Following his conviction, King

timely appealed and the Nebraska Supreme Court moved the case to its docket. *Id.* at 256. On February 18, 2005, the Nebraska Supreme court affirmed King's convictions but remanded the case for a resentencing hearing because the trial court improperly determined that the State had shown that King was a habitual criminal. *Id*. at 261.

On remand, the Nebraska District Court conducted a hearing, again determined that King was a habitual criminal, and sentenced him to the same sentence that it previously imposed. *State v. King*, 724 N.W.2d 80, 83 (Neb. 2006) ("*King II*"). King appealed, and on December 1, 2006, the Nebraska Supreme Court concluded that the State had failed to prove King was a habitual criminal and remanded the case for resentencing. *Id*. at 88.

On the second remand, the Nebraska District Court concluded that the State had failed to prove that King was a habitual criminal. *State v. King*, 750 N.W.2d 674, 676 (Neb. 2008) ("*King III*"). The Nebraska District Court then sentenced King to three consecutive prison terms of 20 to 25 years. *Id*. at 677. King appealed and on June, 13, 2008, the Nebraska Supreme Court affirmed the convictions. *Id*. at 681. In doing so, the Court stated:

> The resentencing circumstances here reflect neither more severe sentences nor a reasonable likelihood of vindictiveness. Instead, the record reflects the district court's carefully calculated determination to ensure that its new sentences, which are not subject to mandatory minimum terms, would be functionally equivalent to its original sentences. The *Pearce* presumption of vindictiveness does not apply.

*Id*. King petitioned the United States Supreme Court for certiorari, and on October 6, 2008, his petition was denied. *King v. Nebraska*, 129 S. Ct. 316 (2008).

**B.    King's Post-Conviction Motion and Appeal**

On July 1, 2009, King filed a verified motion for postconviction relief ("Post-Conviction Motion") in the Nebraska District Court. (Filing No. 9-6, Attach. 6 at CM/ECF pp. 12-42.) The Nebraska District Court denied King's Post-Conviction Motion without an evidentiary hearing and the Nebraska Court of Appeals affirmed. (Filing No. 9-8, Attach. 8 at CM/ECF pp. 64-74.) King did not petition the Nebraska Supreme Court for further review and the mandate was issued on January 5, 2011. (Filing No. 9-9, Attach. 9 at CM/ECF pp. 42-23.)

**C.    King's Habeas Petition**

King filed his Petition in this court on May 5, 2011. (Filing No. 1.) Thereafter, the respondent filed its answer (filing no. 10), a brief in support (filing no. 11) and relevant state court records (filing nos. 9 and 16). On August 11, 2011, King filed a Motion for Leave for Discovery seeking trial transcripts, a bill of exceptions and exhibits. (Filing No. 14.) The respondents agreed to provide the requested documents (filing no. 15) and did so on August 22, 2011 (filing no. 16). Thereafter, King filed his Petitioner's Brief in opposition to the respondents' answer. (Filing No. 18.) The respondents then filed their Respondent's Reply Brief. (Filing No. 19.) Subsequently, and without the court's leave, King filed a Petitioner Reply Brief to the respondent's reply brief.[1]  (Filing No. 20.)

Summarized, the respondents argue, among other things, that King's Petition is barred by the relevant statute of limitations and that equitable tolling does not apply. (Filing No. 11 at CM/ECF pp. 12-13; Filing No. 19.) In response, King argues that his Petition is not barred by the statute of limitations. (Filing No. 20.)

---

[1]Although King improperly filed the reply brief, the respondents do not object and the court will consider the brief in its analysis below.

## II. ANALYSIS

**A. Statute of Limitations**

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2); *see also* Riddle v. Kemna, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the one-year statute of limitations for King to seek relief from his state conviction began to run when the United States Supreme Court denied certiorari on King's third direct appeal on October 6, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Gonzalez v. Thaler, --- S.Ct. ----, 2012 WL 43513, at *9 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari."). King filed his Post-Conviction Motion on July 1, 2009. (Filing No. 9-6, Attach. 6 at CM/ECF pp. 12-42.) Thus, 268 days passed between the United States Supreme Court's denial of certiorari and King's filing of his post-conviction motion.

As discussed above, the limitations period was tolled while King's post-conviction motion was pending. The limitations period started to run again on January 5, 2011, the day the mandate was issued after the Nebraska Court of Appeals affirmed the Nebraska District Court's denial of King's post-conviction. (Filing No. 9-8, Attach. 8 at CM/ECF pp. 64-74; Filing No. 9-9, Attach. 9 at CM/ECF pp. 42-23.) Between the issuance of the mandate on King's post-conviction motion and the filing of his Petition in this court on May 5, 2011, an additional 120 days expired. Overall, 388 days elapsed between the conclusion of direct review and the filing of the Petition. In light of this, and absent equitable tolling, I find that King's Petition was not timely filed.

### B.     Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Here, King argues that he timely filed his Petition because he filed a motion for appointment of counsel regarding his post-conviction motion on November 17, 2008.[2] (Filing No. 20 at CM/ECF pp. 1-2; Filing No. 22-1.) The Nebraska District court denied this motion for appointment of counsel on November 19, 2008. (Filing No. 22-1 at CM/ECF pp. 1-2.) King asks the court to toll the statute of limitations during this 2-day period, or liberally construed, to treat November 17, 2008, as the day that

---

[2] On December 14, 2011, the court ordered the respondents to produce state court records regarding King's assertion that he filed a motion for appointment of counsel on his application for post-conviction relief on October 18, 2008. (Filing No. 21.) On December 27, 2011, the respondents filed additional state court records and informed the court that no record of an October 18, 2008, motion for appointment of counsel existed. (Filing Nos. 22 and 22-1.) However, King did file a motion for appointment of counsel on November 17, 2008. (*Id.*) In light of this, I assume King intended to refer me to his motion for appointment of counsel filed on November 17, 2008.

6

he filed his post-conviction motion. (Filing No. 20.) However, the Eighth Circuit has stated that "there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction relief." *Beery v. Ault*, 312 F. 3d 948, 951 (8th Cir. 2002). In addition, King points to no Nebraska law to suggest that tolling is warranted during the time that a motion for post-conviction counsel is pending. Indeed, 28 U.S.C. § 2244(d)(2) provides for tolling when a *properly* filed application for state post-conviction relief is pending. King's motion for appointment of counsel was not a properly filed post-conviction motion and does not toll 28 U.S.C. § 2244(d)'s one-year limitations period. *See* Neb. Rev. Stat. § 29-3001 (providing that a post-conviction motion under Nebraska law is a "verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence"); *see generally Beery*, 312 F.3d at 951 (concluding "a motion for postconviction counsel in Iowa does not toll the AEDPA's one-year limitations period."); *Gilbert v. Reid*, No. 06-1001, 2007 WL 521194, at *3 (10th Cir. 2007) (affirming district court's conclusion that a petitioner's filing of a state motion for appointment of counsel did not toll the one-year limitations period in § 2244(d)(1)). Accordingly, equitable tolling does not apply and King's Petition will be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. the Petitioner Donnell King's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

Dated January 23, 2012.

                              BY THE COURT


                              s/ Warren K. Urbom
                              United States Senior District Judge