IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | 4:11CV3067 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER REGARDING** |
| ROBERT P. HOUSTON, Director, | ) | **NOTICE OF APPEAL** |
| and DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

On January 23, 2012, I dismissed Donnell King's habeas corpus claims and entered judgment against him. (Filing Nos. 25 and 26.) On January 31, 2012, Donnell King (King), the petitioner, filed a Notice of Appeal. (Filing No. 27.)

However, before King may appeal the dismissal of his Petition Under 18 U.S.C. § 2254 for Writ of Habeas Corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)     The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

King has not filed a motion for a Certificate of Appealability or a brief in support.  (*See* Docket Sheet.)  Thus, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED that:

1.      Donnell King shall have until March 6, 2012, to file a motion for Certificate of Appealability and brief in support.

2.      In the event that King fails to file a motion and brief, as set forth in this Memorandum and Order Regarding Notice of Appeal, the court will deny the issuance of a Certificate of Appealability without further notice.

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

3.      The clerk of the court is directed to set a pro se case management in this case with the following text: March 6, 2012: check for filing of motion for Certificate of Appealability.

Dated February 6, 2012.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

3